2003Mazda.appwar

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334
Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM
JUL 25 2007 mbc
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00063 |
| Plaintiff, ) | |
| ) | **UNITED STATES APPLICATION FOR CRIMINAL SEIZURE WARRANT FOR ONE 2003 MAZDA PROTÉGE AUTOMOBILE VIN JM1BJ245X31205914** |
| vs. ) | |
| DARRELL SCOTT VILLA STEWART, ) | |
| Defendant. ) | |

COMES NOW the United States of America, by and through undersigned counsel, and moves this Honorable Court to issue a criminal seizure warrant for one 2003 Mazda Protégé automobile, VIN JM1BJ245X31205914. On July 25, 2007, an Indictment was returned which alleges that all of the interest in said defendant 2003 Mazda Protégé automobile is subject to forfeiture in the event of conviction. The return of the Indictment constitutes the requisite probable cause for the forfeiture of the property.

The Affidavit attached hereto and incorporated by reference herein sets forth the reasons why an order under Title 21, United States Code, Section 853(e) may be inadequate.

Accordingly, the United States asserts that the Court should issue a criminal seizure warrant as authorized under Title 21, United States Code, Section 853(f) because:

-1-

1) There is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture, and

2) An order under Title 21, United States Code, Section 853(e) may not be sufficient to assure the availability of the property for forfeiture.

Respectfully submitted this __25th__ day of July, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

# AFFIDAVIT IN SUPPORT OF ARREST WARRANT IN REM

I, MICHELLE JONG, being first duly sworn, do depose and say:

1. That I am a Special Agent employed with the Drug Enforcement Administration and make this affidavit in the course of my official duties;

2. That I have reviewed the police reports filed by the Guam Police Department, case number 07-16243, and make this affidavit based upon the contents of those reports;

3. That on August 29, 2006, an informant working with the Violent Street Crimes Unit of the Guam Police Department (GPD) made a controlled buy of methamphetamine hydrochloride (ice) from Darrell S.C. Stewart. This controlled buy was preceded by a consensually recorded telephone calls, and was observed to occur in the parking lot of the East West Business Center in Upper Tumon by GPD officers M.C. Perkins and M.L. Elliott, among others.

4. According to the reports written by Officers Elliott, M.C. Perkins and C.J.Nesmith, defendant Stewart arrived at the East West Business Center parking lot driving a silver 2003 Mazda Protégé, license MNG 5502. The informant had been given $200 in buy money. The informant subsequently told the officers that he purchased from Stewart a plastic baggie which was later analyzed and found to contain .3944 grams net weight of methamphetamine. The informant said Stewart got out of his vehicle, the silver 2003 Mazda Protégé, and gave him the baggie while standing on the passenger side of the informant's vehicle. It is apparent, therefore, that the vehicle was used to transport the methamphetamine to the site of the sale.

5. An order under Title 21, United States Code, Section 853(e) may not be sufficient to assure the availability of the property for forfeiture because there is reason to believe that the automobile is in the custody of defendant, who cannot reasonably be relied upon to abide by an order to maintain the vehicle in substantially the same condition as it is in the present time. The value of such vehicles depreciates with time, and is dependent on the physical and mechanical

-3-

condition of the vehicle. As well, vehicles are easily hidden on Guam, and can be difficult to locate. The only way to ensure that it does not further depreciate in value is to put it in the custody of the U.S. Marshal's Service.

FURTHER AFFIANT SAYETH NAUGHT.

MICHELLE JONG
Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN to before me this 25th day of July, 2007.

Notary Public

CARMELLETA Q. SAN NICOLAS
Notary Public
In and for Guam, U.S.A.
My Commission Expires: Aug. 15, 2010
Sirena Plaza, Ste. 500,
108 Hernan Cortez Avenue
Hagatna, Guam 96910

ATTACHMENT

-4-