THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Counselor and Attorney at Law
Historical Building, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 488-0888
Facsimile: (671) 472-2561

*Attorney for Defendant:*
    DARRELL S. V. STEWART

**FILED**
DISTRICT COURT OF GUAM

AUG 10 2007

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

## HAGÅTÑA, GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. CR07-00063 |
| Plaintiff, ) | |
| vs. ) | **MOTION TO DISMISS INDICTMENT WITH PREJUDCIE with MEMORANDUM OF POINTS AND AUTHORITIES** |
| DARRELL SCOTT VILLA STEWART, ) | |
| Defendant. ) | |

### * * * MOTION TO DISMISS WITH PREJUDICE * * *

COMES NOW the Defendant DARRELL SCOTT VILLA STEWART (hereinafter referred to as "Defendant" or "Dominic"), by, through and with his attorney of record, THE VANDEVELD LAW OFFICES, P.C. by Mr. Curtis C. Van de veld, Esq., to move the court to dismiss the indictment in this case with prejudice upon the grounds and bases more fully set forth in the memorandum of points and authorities that follows herein after this motion.

/ / /

ORIGINAL

## * * * MEMORANDUM OF POINTS AND AUTHORITIES * * *

## STATEMENT OF FACTS

Defendant was charged by the government of Guam in Superior Court of Guam Criminal Case No. CF0254-07 through an Indictment alleging *Delivery Of A Controlled Substance* (As a 1st Degree Felony) filed on June 15, 2007, that alleged:

> On or about the 29th day of August, 2006, in Guam, **DARRELL SCOTT VILLA STEWART** did commit the offense of ***Delivery of Controlled Substance***, intentionally and knowingly possessed with intent to deliver an amphetamine-based controlled substance, also known as "ice", a Schedule II controlled substance, in violation of 9 GCA §§ 67.401.1(a)(1) and (b)(1). [See "Defendant's Exhibit A" hereto as attached, bold and italics type face in original.]

On July 16, 2007 Defendant and the government of Guam resolved the above referenced Indictment by a written Plea Agreement executed by both parties which allowed DARRELL S.V. STEWART to enter a plea of guilty to a lesser included offense of Possession Of A Schedule II Controlled Substance (As a 3rd Degree Felony) in violation of 9 G.C.A. §§ 67.401.2(a) and (b)(1). [See, "Defendant's Exhibit B" hereto as attached.] That Plea Agreement was presented to the Superior Court of Guam, Honorable Steven S. Unpingco on July 24, 2007. The plea of guilty and Plea Agreement were accepted by the court. Filed copies of the Plea Agreement have not yet been received by Defendant and a Judgment has not yet been presented to Defendant's counsel for approval as to form.

Upon information and belief from a letter prepared by the Office of the United States Attorney for the Districts of Guam and Northern Mariana Islands, Assistant United States Attorney Karon V. Johnson, Esq., which is attached hereto and marked as "Defendant's

Exhibit C", and unbeknownst to Defendant STEWART, the United States government filed an identical charge by Indictment in the District Court Of Guam in Criminal Case No. CR07-00063.

On August 3, 2007 this court issued an order for the seizure of the vehicle of Defendant STEWART. [See "Defendant's Exhibit D," attached hereto.]

On August 7, 2007, and despite the United States government's counsel being aware of the above facts, the United States government in derogation of the rights of Defendant to be free from double jeopardy prosecution twice for the same offense by the same government, allowed the seizure of the vehicle to proceed forward under the criminal case before this court which should not exist.

On August 8, 2007 Defendant's counsel advised the court of the violation of Defendant STEWART's right to be subjected to dual prosecutions by the two United States' entities, itself and its territorial government. [See Defendant's Exhibit E," attached hereto.]

On August 8, 2007 Defendant's counsel's office received the correspondence attached hereto as "Defendant's Exhibit F." Defendant STEWART incorporates by reference all the matter stated in Defendant's Exhibits attached hereto as though fully as though recited herein.

Both the government of Guam and the District Court of Guam exist exclusively by virtue of the Organic Act of Guam which created the federal entity of Guam. The continued existence of both the territorial government and the District Court of Guam continue by the authority of the United States Congress. The United States and government of Guam bear a relationship akin to State and municipality.

/ / /

/ / /

**ARGUMENT**

1.    THE INDICMENT MUST BE DISMISSED WITH PREJUDICE BECAUSE OF THE U.S. CONSTITUTION, FIFTH AMENDMENT PROHIBITION AGAINST DOUBLE JEOPARDY.

Guam is an unincorporated territory of the United States of America, and its existence as a legal entity was formed by the United States through the Organic Act of Guam and its continued existence occurs at the discretion of the United States Congress. The People of Guam are not afforded the right to determine the form of their sovereignty.

The law on the ability of a person to be prosecuted in both a territorial and federal court has long been resolved. The case law that exists on this subject indicates that such circumstances offend the Fifth Amendment of the United States Constitution prohibition against double jeopardy. In the case of *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (March 22, 1978) the Justices ruled on the precise issue of whether a territorial court could punish a person for criminal conduct and that same person be prosecuted by the federal government for a crime arising from the same conduct, stating,

> [2] The "dual sovereign" concept does not apply, however, in every instance where successive cases are brought by nominally different prosecuting entities. *Grafton v. United States*, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084, held that a soldier who had been acquitted of murder by a federal court-martial could not be retried for the same offense by a territorial court in the Philippines. [Fn9. The prohibition against double jeopardy had been made applicable to the Philippines by Act of Congress. Act of July 1, 1902, § 5, 32 Stat. 692 In a previous case, the court had held if unnecessary to decide whether the Double Jeopardy Clause would have applied within the Philippines of its own force in the absence of this statute. *Kepner v.*

UNITED STATES OF AMERICA, Plaintiff v. DARRELL S.V. STEWART, Defendant   **Page 4**
Criminal Case No. CR07-00063
MOTION TO DISMISS INDICTMENT WITH PREJUDICE with MEMORANDUM OF POINTS AND AUTHORITIES
Case 1:07-cr-00063   Document 13   Filed 08/10/2007   Page 4 of 27

1  *United States*, 195 U.S. 100, 124-25, 24 S.Ct. 797, 802, 49 L.Ed. 114.] And *Puerto*

2  *Rico v. Shell Co.*, 302 U.S. 253, 264-266, 58 S.Ct. 167, 172-73, 82 L.Ed. 235,

3  reiterated that successive prosecutions by federal and territorial courts are

4  impermissible because such courts are "creations emanating from the same

5  sovereignty." Similarly, in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d

6  435, we held that a city and the State could not bring successive prosecutions for

7  unlawful conduct growing out of the same episode, despite the fact that state law

8  treated the two as separate sovereignties.

9  [3] ... By contrast, cities are not sovereign entities. "Rather, they have been

10  traditionally regarded as subordinate governmental instrumentalities created by the

11  State to assist in carrying out of state governmental functions." *Reynolds v. Sims*, 377

12  U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506. [Fn15 omitted here]. A city is

13  nothing more than "an agency of the State." *Williams v. Eggleston*, 170 U.S. 304, 310

14  18 S.Ct. 617, 623 42 L.Ed. 1047. Any power it has to define and punish crimes exists

15  only because such power has been granted by the State; the power 'derive[s] ... from

16  the source of [its] creation. *Mount Pleasant v. Beckwith*, 100 U.S. 514, 524, 25 L.Ed.

17  699. As we said in *Waller v. Florida*, "the judicial power to try Petitioner ... in

18  municipal court springs from the same organic law that created the state court of

19  general jurisdiction."

20  Similarly, a territorial government is entirely the creation of Congress, "and its

21  judicial tribunals exert all their powers by authority of the United States." *Grafton v.*

22  *United States, supra*, 206 U.S. at 354, 27 S.Ct. at 755; see *Cincinnati Soap Co. v.*

23  *United States*, 301 U.S. 308, 317, 57 S.Ct. 764, 768, 81 L.Ed. 1122; *United States v.*

24  *Kogama*, 118 U.S. 375, 380, 6 S.Ct. 1109, 1111, 30 L.Ed.228; *American Ins.Co. v.*

25  *Canter*, 1 Pet. 511, 542, 7 L.Ed. 242 [Fn 16 omitted here]. When a territorial

government enacts and enforces criminal laws to govern its political inhabitants, it is not acting as an independent political community like a State, but as "an agency of the federal government." *Domenech v. National City Bank*, 294 U.S. 199, 204-205, 55 S.Ct. 366, 369, 79 L.Ed. 857.

[4] Thus a federal Territory and the Nation, as in a city and a State, "[t]here is but one system of government, or laws operating within [its] limits." *Benner v. Porter*, 9 How. 235, 242 13 L.Ed. 119. City and State, or Territory and Nation, are not two separate sovereigns to whom the citizen owes separate allegiance in any meaningful sense, but one alone. [Fn 17 omitted here]. And the "dual sovereignty" concept of *Bartkus* and *Abbate* does not permit a single to impose multiple punishment for a single offense merely by the expedient of establishing multiple political subdivisions with the power to punish crimes.

See also *Guam v. Okada*, 715 F.2d 1347 (9th Cir. 1983) and *United States v. Carriaga*, 117 F.3d 1426, 1997 WL367829 (9th Cir. 1997 Unpublished Opinion) which rely on *United States v. Wheeler*.

The United States wrongly concludes that its continuation of the instant prosecution of Defendant STEWART in this matter is permitted under the opinion of the U.S. Supreme Court in the matter of *U.S. v. Dixon*[1], 509 U.S. 688, 113 S.Ct. 2849 (1993). However, that opinion provides no support for the government's position and instead supports the position of this Defendant.

The first of the two cases on appeal involves defendant Dixon. Defendant Dixon was arrested and indicted for possession of cocaine with the intent to distribute. Dixon was released form confinement on conditions that included that Dixon not commit "any criminal

UNITED STATES OF AMERICA, Plaintiff v. DARRELL S.V. STEWART, Defendant   **Page 6**
Criminal Case No. CR07-00063
MOTION TO DISMISS INDICTMENT WITH PREJUDICE with MEMORANDUM OF POINTS AND AUTHORITIES
Case 1:07-cr-00063    Document 13    Filed 08/10/2007    Page 6 of 27

1 offense". While on release for the first charge, Dixon was arrested and indicted with

2 possession of cocaine with the intent to distribute. The trial court of the first charge issued an

3 order to show cause to Dixon requiring Dixon to show cause why he should not be held in

4 criminal contempt for violating Dixon's release conditions. After an expedited hearing, the

5 court found Dixon guilty beyond a reasonable doubt that Dixon was in possession of drugs

6 and intended to distribute those drugs. Dixon was sentenced to 180 days of jail. Dixon later

7 moved to dismiss the charge of *Possession With Intent To Distribute* forming the basis of the

8 second arrest and the court granted dismissal on the grounds of 'double jeopardy.'

9 The facts of this case do not involve successive prosecution of Dixon by a territorial

10 prosecutor and thereafter by a United States Attorney. The prosecuting authority was the same

11 as to all charges.

12 The Opinion by Justice Scalia for Parts I, II, and IV, addresses the circumstances of

13 Dixon. The court stated:

14 In both the multiple punishment and multiple prosecutions contexts, this court has

15 concluded that where the two offenses for which the defendant is punished or

16 tried cannot survive the "same-elements" test, the double jeopardy bar applies.

17 ... sometimes referred to as the *"Blockburger"* test, inquires whether each

18 offense contains an element not contained in the other; if not, they are the

19 "same offence" and double jeopardy bars additional punishment and

20 successive prosecution.

21 Id., at 696-97 see headnote [5].

22

23

24

25 [1] The Court of Appeals for the District of Columbia combined two cases for the purpose of the appeal.

1            … Because Dixon's drug offense did not include any element not contained in his

2                previous contempt offense, his subsequent prosecution violates the Double Jeopardy

3                Clause.

4 Id., at 700.

5         Having indicated that it relies on *Dixon*, *supra*, as authority for its prosecution of

6 Defendant STEWART which pertains to the same sovereign taking successive prosecutions

7 indicates that the government has given up its contention that the successive prosecution is by

8 different sovereigns. If the government contends otherwise, its reliance on *Dixon, supra,* is

9 misplaced and the *Wheeler, supra,* case and its predecessor cases and the subsequent

10 application of that case demonstrate the error of the government's analysis. The facts of

11 *Dixon, supra,* do not involve different prosecuting authorities and reliance on that matter is

12 therefore misplaced.

13         Assuming that the government recognizes that it is the same sovereign – the United

14 States federal government in the territorial dual personality of the federal government

15 discussed in *Wheeler, supra*, than the government must be claiming that the charges within

16 the two prosecutions do not offend the 'Double Jeopardy Clause' because the two

17 prosecutions do not offend the 'same elements' test. The error of that position is crystal clear.

18 The charge in the Indictment in both cases is identical. The defendant engaged in plea

19 bargaining and obtained a plea agreement to a lesser included charge of simple *possession*

20 instead of *possession with intent to distribute* in the federal territorial court. The same

21 sovereign cannot now, in another venue, bring the same charge arising from the same conduct

22 in order to obtain a conviction for the same conduct to convict Defendant STEWART of the

23 *possession with intent to distribute* to impose a further successive punishment. The elements

24 of the charges in the indictments are the same within both Indictments. The conduct is the

25 same. The elements of the charge to which the plea was entered and upon which punishment

UNITED STATES OF AMERICA, Plaintiff v. DARRELL S.V. STEWART, Defendant    **Page 8**
Criminal Case No. CR07-00063
MOTION TO DISMISS INDICTMENT WITH PREJUDICE with MEMORANDUM OF POINTS AND
AUTHORITIES
Case 1:07-cr-00063     Document 13     Filed 08/10/2007     Page 8 of 27

1 was imposed by the sovereign are all within the elements of the indicted charge as
2 demonstrated by the entry of the guilty plea to the lesser included charge. The *distribution*
3 charge includes an element greater than the *possession* charge, but the *possession* charge does
4 not contain any element beyond the elements of the *distribution* charge. Further, the same
5 sovereignty cannot now deny Defendant STEWART the benefit of his bargain in the Superior
6 Court of Guam by a successive prosecution in the District Court of Guam. To do so would
7 offend the holding of the Court in the matter of Santobello v. New York, U.S.

8       As the law clearly demonstrates, this court's order for seizure of Defendant
9 STEWART's vehicle was obtained as part of a continuing violation of Mr. Stewart's United
10 States Constitution, Fifth Amendment right not to be subject o multiple punishment under the
11 Double Jeopardy Clause. The instant case should never have been filed, once aware of the
12 error, the government should have immediately discontinued the prosecution and the order of
13 this court should never have issued. No authority exists to continue the deprivation of Mr.
14 Stewart's car and the vehicle should immediately be released to Mr. Stewart, this case
15 dismissed with prejudice.

16       DATED: Thursday, August 09, 2007.

17                 THE VANDEVELD LAW OFFICES, P.C.

18

19

20                 Mr. Curtis C. Van de veld, Esq.
21                 Attorney for Defendant
                **DARRELL S.V. STEWART**

22 / / /

23 / / /

24

25 / / /

UNITED STATES OF AMERICA, Plaintiff v. DARRELL S.V. STEWART, Defendant   **Page 9**
Criminal Case No. CR07-00063
MOTION TO DISMISS INDICTMENT WITH PREJUDICE with MEMORANDUM OF POINTS AND AUTHORITIES
Case 1:07-cr-00063    Document 13    Filed 08/10/2007    Page 9 of 27

# CERTIFICATE OF SERVICE

I, Curtis C. Van de veld, Esq., hereby certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on August 10, 2007 via hand delivery at the following address:

**Ms. Karon V. Johnson, Esq.**
Assistant U.S. Attorney
U.S. Attorney's Office
District Of Guam
Criminal Division
6th Floor, Sirena Plaza
108 Hernan Cortes Avenue
Hagåtña, Guam 96910

DATED: Thursday, August 09, 2007.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
**DARRELL S.V. STEWART**



1

2   **Office of the Attorney General**
    **Alicia G. Limtiaco**
3   Attorney General of Guam
    **Prosecution Division**
4   287 West O'Brien Drive
    Hagåtña, Guam 96910 ● USA
5   (671) 475-3406 ● (671) 477-3390 (Fax)
    www.guamattorneygeneral.com
6
    **Attorneys for the People of Guam**
7

# IN THE SUPERIOR COURT OF GUAM
8
## HAGÅTÑA, GUAM

9
PEOPLE OF GUAM,                )      Criminal Case No. CF 254-07
10                             )      GPD Report No. 07-16243
                               )
11          vs.                )      Charge:
                               )
12  **DARRELL SCOTT VILLA STEWART,** )   **DELIVERY OF A CONTROLLED**
    DOB: 04/10/1969            )      **SUBSTANCE**
13  SSN: ***-**-6475           )      (As a 1st Degree Felony)
                 Defendant.    )
14  _____)

15
## INDICTMENT
16
THE SUPERIOR COURT OF GUAM GRAND JURY HEREBY CHARGES:
17
        On or about the 29th day of August, 2006, in Guam, **DARRELL SCOTT VILLA**
18
**STEWART** did commit the offense of ***Delivery of Controlled Substance***, intentionally and
19
knowingly possessed with intent to deliver an amphetamine-based controlled substance, also known
20
as "ice", a Schedule II controlled substance, in violation of 9 GCA §§ 67.401.1(a)(1) and (b)(1).
21
        Dated this ___15___ day of June, 2007.
22

23
**OFFICE OF THE ATTORNEY GENERAL**          **A TRUE BILL**
24  ALICIA G. LIMTIACO, Attorney General of Guam

25
        *Charles Kinnunen*                    _____
26  **CHARLES J. KINNUNEN**                   FOREMAN FOR THE GRAND JURY
    Assistant Attorney General, Prosecution Division

27

28

**DEFENDANT'S EXHIBIT A**



RECEIVED

JUL 17 2007

SUPERIOR COURT
OF GUAM
CLERK'S OFFICE

Office of the Attorney General
**Alicia G. Limtiaco**
Attorney General of Guam
**Prosecution Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3406 ● (671) 477-3390 (Fax)
www.guamattorneygeneral.com

**Attorneys for the People of Guam**

# IN THE SUPERIOR COURT OF GUAM

# HAGÅTÑA, GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF254-07 |
| | ) GPD REPORT NO. 07-16243 |
| vs. | ) |
| | ) |
| **DARRELL SCOTT VILLA STEWART,** | ) **PLEA AGREEMENT** |
| DOB: 04/10/1969 | ) |
| SSN: ***-**-6475 | ) |
| Defendant. | ) |

Pursuant to Criminal Procedure Code § 60.80, the Defendant, **DARRELL SCOTT VILLA STEWART**, represented by **CURTIS VAN DE VELD, ESQ.**, and the People of Guam, represented by the Attorney General through Assistant Attorney General **DIANNE H. CORBETT,** enter into the following Plea Agreement:

1.    The Defendant, having been advised, understands the following:

a.    The nature of the charge and its elements to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b.    The right to consult with and be represented by an attorney at every stage of these proceedings;

DEFENDANT'S
EXHIBIT

B



c. The right to plead not guilty, the right to confront and cross-examine witnesses, and the right against self-incrimination;

d. That by pleading guilty to the charge the right to a jury trial is waived; and upon acceptance of the guilty plea by the Court, Defendant stands convicted just as though convicted by a jury;

e. That if Defendant pleads guilty, the Court may ask questions about the offense charged, and if Defendant answers these questions on the record, and in the presence of his attorney, the answers later may be used against him.

2. Defendant voluntarily, knowingly, and without coercion or promises apart from this Plea Agreement, agrees to enter a guilty plea to **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, a violation of 9 GCA §§ 67.401.2(a) and (b)(1), as alleged in the Indictment filed in this case. Pursuant to 9 GCA § 67.401.12, this offense carries a sentence for first offenders of no more than three (3) years imprisonment and a fine of five thousand dollars ($5,000.00). The sentence must include a mandatory community service of no less than one hundred fifty (150) hours, a mandatory enrollment and attendance in a drug rehabilitation program at the Department of Mental Health and Substance Abuse, or any other drug rehabilitation program approved by the Superior Court, and a mandatory term of probation of five (5) years. The charge in CF254-07 arises out of the incident described in Guam Police Department Report No. 07-16243 as follows:

On or about 29th day of August, 200**7**, in Guam, the defendant, DARRELL SCOTT VILLA STEWART possessed a Schedule II controlled substance, that is, an amphetamine based substance.



3. Defendant understands and agrees he may be called upon to testify under oath about the factual details of these transactions at the taking of this guilty plea.

4. Defendant understands that he has a right to move for a reduction of his sentence within one hundred twenty (120) days of sentencing pursuant to 8 GCA § 120.46 and 9 GCA § 80.22, and agrees to waive that right for the purpose of this plea.

5. Defendant understands that he has a right to appeal him convictions in this case pursuant to 8 GCA §§ 130.10 and 130.15, and agrees to waive that right for the purpose of this plea.

6. Defendant understands that pursuant to Title 8 Guam Code Annotated § 11.10, he has a right to expungement of certain, enumerated criminal records and voluntarily agrees to waive this right as to any records of incidents reflected in police reports included in the negotiation of this agreement, including those incidents the government has declined to charge, were charged and dismissed or were charged and to which defendant has pled guilty to a lesser included offense.

7. Defendant understands that such a felony conviction could cause him to lose valuable civil rights, such as the right to vote, to sit on a jury, to hold public office, to possess firearms, or to obtain certain types of employment.

8. Defendant understands and agrees that his right to possess a Firearm Identification Card on Guam shall be revoked.

9. Defendant understands and agrees that this agreement shall not be binding on the People should the Defendant be charged with or commit a crime between the time of his agreement and the time for sentencing in this case; nor shall this agreement be binding on the People until the People confirm all representations made by the Defendant and his attorney.

10. The Attorney General and Defendant agree, in consideration for Defendant's plea of guilty and full cooperation, to the following:

People v. DARRELL SCOTT VILLA STEWART / 254-07X:\Prosecution Division\Secretary\VNISPERO\PA\07-F254 drug.wpd
Page 3
Case 1:07-cr-00063    Document 13    Filed 08/10/2007    Page 14 of 27



a. That as to the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony), Defendant shall be sentenced to serve three (3) years imprisonment at the Department of Corrections, with credit for time served. This period of incarceration shall be suspended, subject to the terms and conditions of probation set forth below; however, as a condition of probation Defendant is to serve TEN (10) DAYS at the Department of Corrections, with credit for time served;

b. That Defendant shall pay a fine of five thousand dollars ($5,000.00), plus court costs, to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA § 80.31.1, and to be paid monthly over the probation period. Defendant shall pay no less than $50.00 per month starting the first month following Defendant's guilty plea **or** the first month following Defendant's release from Department of Corrections, whichever is the latter. If financially unable to pay a fine, said fine may be converted to community service hours at a rate of $5.15 per hour;

c. That Defendant shall perform one hundred fifty (150) hours of community service work at the direction of the Alternative Sentencing Office. That the Defendant shall perform no fewer than five (5) hours of community-service work each month starting the first month following Defendant's guilty plea **or** the first month following Defendant's release from Department of Corrections, whichever is the latter. That the Defendant shall receive two (2) hours credit of community service for each one (1) hour of counseling completed by the Defendant;

d. That Defendant shall enroll and attend a drug rehabilitation program at the Department of Mental Health and Substance Abuse or any other drug rehabilitation program approved by the Superior Court. Defendant shall receive two (2) hours credit towards community service for each hour of counseling Defendant attends;

e. That Defendant shall be placed on a special probation term of five (5) years, which shall commence upon Defendant's guilty plea or release from Department of Corrections whichever is the latter, provided that the Defendant complete the following conditions:

    i. Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the

People v. DARRELL SCOTT VILLA STEWART / 254-07X:\Prosecution Division\Secretary\VNISPERO\PA\07-F254 drug.wpd
Page 15
Case 1:07-cr-00063    Document 13    Filed 08/10/2007    Page 15 of 27



Department of Mental Health and Substance Abuse at no cost to the Defendant. Defendant shall diligently report within two weeks from either his release from the Department of Corrections or his guilty plea whichever is the latter;

ii.    Defendant shall report to the Probation Office once per week or as recommended by that office in person, and at that time will take a weekly drug test if requested. Failure to take a weekly drug test, if requested, will be considered a violation of probation. Defendant will report to Probation for his initial intake within two working days of his release from the Department of Corrections or his guilty plea, whichever is the latter;

iii.   Defendant shall perform one hundred fifty (150) hours of community service work at the direction of the Alternative Sentencing Office;

iv.   Defendant stipulates to forfeit any contraband and cash seized to the Guam Police Department for Drug Training, and all other non-contraband personal items will be returned to the Defendant;

v.    Defendant shall not associate with any persons known to him as felons;

vi.   Defendant shall stay away from all firearms and other deadly weapons, and under no circumstances is he to possess, carry, transfer, or use any firearms;

vii.   Defendant shall forfeit his Guam Firearm Identification Card if he possesses one and shall not reapply for one in the event he does not possess one;

viii.  Defendant is to surrender his passport, if any, to the Probation Office;

ix.   Defendant shall not leave Guam without the approval of the Court or Probation Office, with prior notice being given to the Office of the Attorney General, Prosecution Division;

x.    Defendant shall not possess or consume any illegal controlled substances;

xi.   Defendant shall submit to random drug testing under the supervision of the Probation Office;

xii.   Defendant shall not consume any alcoholic beverages;

xiii.  Defendant shall submit to random alcohol testing under the supervision of the Probation Office;



People v. DARRELL SCOTT VILLA STEWART / 254-07X:\Prosecution Division\Secretary\VNISPERO\PA\07-F254 drug.wpd
Page 5
Case 1:07-cr-00063   Document 13   Filed 08/10/2007   Page 16 of 27

| | |
|---|---|
| 1 | xiv. Defendant shall permit Probation Officers or police officers to search his |
| 2 | person, automobile, and residence or room where he is residing, for firearms, |
| 3 | alcohol, and illegal controlled substances at any time such a search is |
| 4 | requested. Failure to allow such a search will be considered a violation of |
| 5 | probation. Defendant and his attorney stipulate that a presumptive positive |
| 6 | field test for drugs, including the Roche Cup or On Tract Test Systems, will |
| | be considered conclusive evidence of a probation violation; |

xiv. Defendant shall permit Probation Officers or police officers to search his person, automobile, and residence or room where he is residing, for firearms, alcohol, and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation. Defendant and his attorney stipulate that a presumptive positive field test for drugs, including the Roche Cup or On Tract Test Systems, will be considered conclusive evidence of a probation violation;

xv. Defendant shall make good faith efforts to obtain and maintain legal employment or continue in school;

xvi. Defendant shall obey all federal and local laws of Guam; and

xvii. Defendant shall abide by any other reasonable conditions imposed by the Court or the Probation Office.

xviii. Failure of the Defendant to follow all of his conditions of supervised probation will result in a hearing to revoke probation at which time the Court may impose the *maximum* sentence in this case pursuant to paragraph 2 of this plea agreement.

11. Defendant states he has told his lawyer all the facts and circumstances known about the charges. His lawyer has counseled and advised him on the nature of each charge as well as on any and all lesser included charges.

12. Defendant and the People each intend this plea agreement and the sentence imposed be a final sentence and a total and conclusive resolution of the charges described within this plea agreement.

13. Both parties understand that should the Court refuse to accept this plea agreement, the Defendant shall be entitled to withdraw his plea of guilty. Should the Court fail to enter judgment as set forth in this plea agreement, the People may withdraw this plea offer in its entirety.

14. This plea agreement in no way affects any civil forfeiture proceedings, if applicable.

People v. DARRELL SCOTT VILLA STEWART / 254-07X:\Prosecution Division\Secretary\VNISPERO\PA\07-F254 drug.wpd
Page 6
Case 1:07-cr-00063     Document 13     Filed 08/10/2007     Page 17 of 27

15.    By his signature, Defendant attests he has read this agreement and its provisions have been fully explained by his attorney. Defendant believes his lawyer has done all that anyone could do to counsel and assist him and is satisfied with the advice and help received.

_____
DARRELL SCOTT VILLA STEWART
Defendant

Dated:  7-16-07

_____
DIANNE H. CORBETT
Assistant Attorney General

Dated:  7/16/07

_____
CURTIS VAN DE VELD, Esq.
Counsel for Defendant

Dated:  16 July 07

After a hearing held on _____, 2007, and a finding the Defendant's plea of guilty to **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)** is knowingly and voluntarily made, this Court now accepts the Plea Agreement herein and his plea of guilty and adjudges Defendant guilty of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**.

A Pre-sentence Investigation report shall be prepared and served on the parties no later than _____.

Sentencing shall take place on _____, 2007.

Further proceedings shall take placed on _____, at _____ m.

_____
**HONORABLE STEVEN S. UNPINGCO**
Judge, Superior Court of Guam



 **U.S. Department of Justice**

*United States Attorney*
*District of Guam*

*Sirena Plaza, Suite 500*                     *(671) 472-7332*
*108 Hernan Cortez Avenue*          *FAX: (671) 472-7334*
*Hagatna, Guam 96910*

August 7, 2007

Curtis Van De Veld
2nd Floor Historical Bldg.
123 Hernan Cortez Ave.
Hagatna, Guam 96910

      Re: <u>United States v Darrell Scott Villa Stewart</u>, Cr. No. 07-00063

Dear Curtis,

      This situation arose from a misunderstanding between DEA and the Guam Attorney General. Some weeks ago, DEA SA brought this case to our office, and advised me that GPD wanted to forfeit the car. She asked me if this office would agree to take the prosecution, in which event DEA would adopt the case. I agreed.

      The day after this case was indicted, Michelle advised me that Stewart had been charged by the AG, and had pled guilty. This came as a complete surprise to me. Apparently there was a mis-communication between S/A Jong and Asst. AG: Dianne Corbett. Dianne thought our office would only be filing a civil complaint, so she proceeded with the criminal charge.

      Your client is presently charged with Distribution of a Controlled Substance, in violation of Title 21, U.S.C. 841(a)(1). Because he pled guilty in Superior Court to mere possession, jeopardy has not attached. See <u>United States v. Dixon</u>, 509 U.S. 688 (1993); <u>United States v. Wright</u>, 79 F.3d 112 (9th Cir. 1996). Thus, there is no legal impediment to the government proceeding with the distribution charge in federal court.



Curtis Van De Veld
August 7, 2007
Page 2

There is a policy in the Department, however, to discourage multiple prosecutions by different jurisdictions. Your client cannot pled guilty to Count II alone, because it's just a forfeiture count that must be supported by a conviction on an underlying criminal charge. The only way I can see to proceed at this point is, if he will agree to the forfeiture count, I will move to dismiss the indictment and proceed with the civil forfeiture of the vehicle. Given the unique circumstances of this case, this seems the appropriate disposition.

Sincerely,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

KAREN V. JOHNSON
Assistant United States Attorney



1   2003Mazda.WAR

2   LEONARDO M. RAPADAS
    United States Attorney
3   KARON V. JOHNSON
    Assistant U.S. Attorney
4   Sirena Plaza Suite 500
    108 Hernan Cortez Avenue
5   Hagatna, Guam 96910
    Telephone: (671) 472-7332
6   Telecopier: (671) 472-7334
    Attorneys for United States of America

7

8           IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF GUAM

10

11   UNITED STATES OF AMERICA,   )    CRIMINAL CASE NO. 07-00063
                        )
            Plaintiff,   )
12                     )    CRIMINAL SEIZURE WARRANT FOR
                    )    ONE 2003 MAZDA PROTÉGÉ
13            vs             )    AUTOMOBILE JM1BJ245X31205914
                    )
14   DARRELL SCOTT DELA STEWART,   )
                    )
15            Defendant.   )
                    )

16

17   TO:   THE UNITED STATES MARSHAL FOR THE DISTRICT OF GUAM AND/OR ANY
        OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:
18

19       WHEREAS an indictment has been returned by the Grand Jury charging a count of

20   forfeiture concerning ONE 2003 MAZDA PROTÉGÉ AUTOMOBILE, VIN

21   JM1BJ245X31205914 and whereas an Application for a Criminal Seizure Warrant has been

22   filed in this Court, praying that process issue for the arrest of property that is the subject of this

23   action;

24       NOW, THEREFORE, we do hereby command that you seize the property, which is

25   described as ONE 2003 MAZDA PROTÉGÉ AUTOMOBILE, VIN JM1BJ245X31205914, until

26   further order of the Court respecting the same.

27       All persons claiming an interest in said property must file their claims, pursuant to Rule

28                          -1-

**DEFENDANT'S EXHIBIT D**

1  C of the Supplemental Rules of Certain Admiralty and Maritime Claims, within ten (10) days

2  after the execution of the warrant or actual notice of this action, whichever occurs first, and must

3  serve and file an answer within twenty (20) days after the filing of the claim with the Office of

4  the Clerk, United States District Court for the District of Guam.

5  　　　　Additional procedures and regulations regarding this forfeiture action are found at 19

6  U.S.C. §§ 1602-1619 and Title 21, Code of Federal Regulations (C.F.R.) §§ 1316.71-1316.81.

7  All persons and entities who have an interest in the defendant property may, in addition to filing

8  a claim or in lieu of the filing of a claim, submit a Petition for Remission or Mitigation of the

9  forfeiture for a non-judicial determination of this action pursuant to 28 C.F.R. Part 9.

10  　　　　You are also commanded to give due notice to all persons and entities having an interest

11  in the property under seizure by publication in a newspaper of general circulation in the judicial

12  district where the defendant property was seized.

13  　　　　DATED this ____ day of July, 2007. at

14  　　　　　　　　 AUG 3 2007                    UNITED STATES DISTRICT COURT CLERK

15

16  　　　　　　　　　　　By:     /s/ Walter M. Tenorio  
17  　　　　　　　　　　　　　　　　　　DEPUTY CLERK

18  　　　　　　　　　　　　　　　　　　　I hereby certify that the
19  　　　　　　　　　　　　　　　　　　　annexed instrument is a
　　　　　　　　　　　　　　　　　　　　true copy of the original
20  　　　　　　　　　　　　　　　　　　　on file in my office.
　　　　　　　　　　　　　　　　　　　　ATTEST: CLERK OF COURT
21  　　　　　　　　　　　　　　　　　　　District Court of Guam
　　　　　　　　　　　　　　　　　　　　Territory of Guam
22  　　　　　　　　　　　　　　　　　　　By:
　　　　　　　　　　　　　　　　　　　　Deputy Clerk

23

24

25

26

27

28  　　　　　　　　　　　　　　　　　-2-

1
2
3
4
5
6                        DISTRICT COURT OF GUAM
7                         TERRITORY OF GUAM
8
9    UNITED STATES OF AMERICA,            |   CRIMINAL CASE NO. 07-00063
10                    Plaintiff,          |
11            vs                          |
12   DARRELL SCOTT VILLA STEWART,         |          ORDER
13                    Defendant.          |
14
15
16       Upon application by the United States and pursuant to 21 U.S.C. § 853(f), the Clerk's
17   Office is directed to issue a warrant authorizing the seizure of one 2003 Mazda Protege
18   automobile VIN JM1BJ245X31205914.
19       IT IS SO ORDERED.
20
21
22                                        /s/ Frances M. Tydingco-Gatewood
23                                            Chief Judge
                                             Dated: Aug 03, 2007
24
25
26
27
28

| 1. CLASSIFICATION | 2. CASE No. | 3. DIVISION | 4. PROPERTY No. | 5. LAB No. |
|---|---|---|---|---|
| | | | | |

**6. NAME OF PERSON FROM WHOM PROPERTY IS OBTAINED**

☑ OWNER

☐ OTHER   *Ormond S.V. Stewart*

**7. ADDRESS**   Hillside Apt 307 Harmon Industrial

**8. PHONE:** (H) _____ (W) _____

**9. LOCATION OF PROPERTY WHEN OBTAINED**

Parking Lot of Hillside Apt Harmon

**10. PURPOSE FOR WHICH OBTAINED**   ☐ EVIDENCE   ☐ FOUND   ☐ IMPOUNDED

☐ ANALYSIS (Attach Evidence Analysis Request Form, G.O. 85-11)

☑ OTHER (Specify) _Seized Relative to CS#07 000603_

**11. DATE/TIME OBTAINED**   8-6-07

| 12. ITEM NO. | 13. QUANTITY | 14. DESCRIPTION OF PROPERTY | 15. DISPOSAL ACTION |
|---|---|---|---|
| 1 | 1 | 2002 MAZDA Protege 5Dr Hatchback V.I.N #JM1BJ245X312059914 Cnd# MNG6502 ———— *Battery Follows* ———— | |

---

**16. CHAIN OF CUSTODY**

| ITEM NO. | DATE & TIME | RELINQUISHED BY | RECEIVED BY | PURPOSE OF CHANGE OF CUSTODY |
|---|---|---|---|---|
| 1 | 8-6-07 | Name (type or print) *S.V. Stewart* / Signature | Name (type or print) *R. Santos* / Signature | Seized |
| | | Name (type or print) / Signature | Name (type or print) / Signature | |
| | | Name (type or print) / Signature | Name (type or print) / Signature | |

**CHAIN OF CUSTODY CONTINUED ON REVERSE**

**DO NOT WRITE IN THIS SPACE**

| CLS | CS No. | PROP No. | LOC |
|---|---|---|---|
| | | | |

THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*

ATTORNEY AT LAW

Tuesday, August 07, 2007

<u>Via facsimile only</u>
671.472.7334

Ms. Karon V. Johnson, Esq.
Assistant United States Attorney
United States Attorney's Office
For the Districts of Guam and NMI
Mr. Leonardo M. Rapadas, United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortes Avenue
Hagåtña, Guam 96910

**US Attorney's Office
Districts of Guam & NMI**

Time 944 **AUG 08 2007**
Receiving name ︎ EmmanuⅬ
Date keyed in Dbase _____
Entered into Dbase by: _____

Re:    USA v. Darrell S.V. Stewart, Criminal Case No. 07-00063; dismissal with prejudice.

Dear Karon:

I have reviewed the case you cited during our telephone call yesterday. Following the telephone call and receipt of the order from Mr. Stewart, I researched the matter. My research indicates that your position on double jeopardy is indisputably in error and I ask that you take prompt action to dismiss the prosecution of Mr. Stewart with prejudice and immediately restore his car to him.

The law on the ability of a person to be prosecuted in both a territorial and federal court has long been resolved that such circumstances offend the Fifth Amendment of the United States Constitution prohibition against double jeopardy. The case of *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (January 18, 1978) was followed two months later by the decision of *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (March 22, 1978). With the *Bordenkircher* case still fresh in their minds, the Justices ruled on the precise issue of whether a territorial court could punish a person for criminal conduct and that same person be prosecuted by the federal government for a crime arising from the same conduct. In that case the Justices said:

> [2] The "dual sovereign" concept does not apply, however, in every instance where successive cases are brought by nominally different prosecuting entities. *Grafton v. United States*, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084, held that a soldier who had been acquitted of murder by a federal court-martial could not be retried for the same offense by a territorial court in the Philippines. [Fn9. The prohibition against double jeopardy had been made applicable to the Philippines by Act of Congress. Act of July 1, 1902, § 5, 32 Stat. 692 In a previous case, the court had held if unnecessary to decide whether the Double Jeopardy Clause would have applied within the Philippines of its own force in the absence of this statute. *Kepner v. United States*, 195 U.S. 100, 124-25, 24 S.Ct. 797, 802, 49 L.Ed. 114.] And *Puerto Rico v. Shell Co.*, 302 U.S. 253, 264-266, 58 S.Ct. 167, 172-73, 82 L.Ed. 235, reiterated that successive prosecutions by federal and territorial courts are impermissible because such courts are "creations emanating from the same

**DEFENDANT'S
EXHIBIT
E**

Case 1:07-cr-00063    Document 13    Filed 08/10/2007    Page 25 of 27

sovereignty." Similarly, in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, we held that a city and the State could not bring successive prosecutions for unlawful conduct growing out of the same episode, despite the fact that state law treated the two as separate sovereignties.

[3] ... By contrast, cities are not sovereign entities. "Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in carrying out of state governmental functions." *Reynolds v. Sims*, 377 U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506. [Fn15 omitted here]. A city is nothing more than "an agency of the State." *Williams v. Eggleston*, 170 U.S. 304, 310 18 S.Ct. 617, 623 42 L.Ed. 1047. Any power it has to define and punish crimes exists only because such power has been granted by the State; the power 'derive[s] ... from the source of [its] creation. *Mount Pleasant v. Beckwith*, 100 U.S. 514, 524, 25 L.Ed. 699. As we said in *Waller v. Florida*, "the judicial power to try Petitioner ... in municipal court springs from the same organic law that created the state court of general jurisdiction."

Similarly, a territorial government is entirely the creation of Congress, "and its judicial tribunals exert all their powers by authority of the United States." *Grafton v. United States, supra*, 206 U.S. at 354, 27 S.Ct. at 755; see *Cincinnati Soap Co. v. United States*, 301 U.S. 308, 317, 57 S.Ct. 764, 768, 81 L.Ed. 1122; *United States v. Kogama*, 118 U.S. 375, 380, 6 S.Ct. 1109, 1111, 30 L.Ed.228; *American Ins.Co. v. Canter*, 1 Pet. 511, 542, 7 L.Ed. 242 [Fn 16 omitted here]. When a territorial government enacts and enforces criminal laws to govern its political inhabitants, it is not acting as an independent political community like a State, but as "an agency of the federal government." *Domenech v. National City Bank*, 294 U.S. 199, 204-205, 55 S.Ct. 366, 369, 79 L.Ed. 857.

[4] Thus a federal Territory and the Nation, as in a city and a State, "[t]here is but one system of government, or laws operating within [its] limits." *Benner v. Porter*, 9 How. 235, 242 13 L.Ed. 119. City and State, or Territory and Nation, are not two separate sovereigns to whom the citizen owes separate allegiance in any meaningful sense, but one alone. [Fn 17 omitted here]. And the "dual sovereignty" concept of *Bartkus* and *Abbate* does not permit a single to impose multiple punishment for a single offense merely by the expedient of establishing multiple political subdivisions with the power to punish crimes.

See also *Guam v. Okada*, 715 F.2d 1347 (9th Cir. 1983) and *United States v. Carriaga*, 117 F.3d 1426, 1997 WL367829 (9th Cir. 1997 Unpublished Opinion) which rely on *United States v. Wheeler*.

As the law clearly demonstrates that the case through which the order for seizure was obtained is a violation of Mr. Stewart's rights under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, I must demand that the federal prosecution of Mr. Stewart be immediately dismissed with prejudice and that he be restored his vehicle wrongly taken from him. If I do not hear that such will be done tomorrow, I will bring an ex parte motion to the District Court of Guam for relief and advise Mr. Stewart to seek civil remedy from the federal government and all persons who act wrongly to continue this clearly inappropriate violation of Mr. Stewart's rights.

Sincerely,

Curtis C. Van de veld, Esq.
Attorney for Darrell S.V. Stewart

KVJletter0807007



**U.S. Department of Justice**

*United States Attorney*
*District of Guam*

*Sirena Plaza, Suite 500*      *(671) 472-7332*
*108 Hernan Cortez Avenue*     *FAX: (671) 472-7334*
*Hagatna, Guam 96910*

August 8, 2007

Curtis Van De Veld
2nd Floor, Historical Bldg.
123 Hernan Cortez Ave.
Hagatna, Guam 96910

       Re: <u>United States v. Darrell S.V. Stewart</u>, Cr. No. 07-00063

Dear Curtis,

       I trust that by now you have received my letter: I misquoted the case authority–<u>Dixon</u> controls. The bottom line is, had Stewart pled guilty to distribution in Superior Court, jeopardy would have attached. It has not, however, because the elements of distribution are different from the elements of possession. Thus, this indictment is not a "successive" prosecution because they are different crimes. The United States was not a party to the Attorney General's plea agreement; indeed, I knew nothing about it. Thus, there is no legal impediment to this office prosecuting your client for distribution.

       My records reflect that there is a no-bail bench warrant out for your client. If you want to proceed with this matter, I suggest that you contact the District Court and arrange a time for him to surrender for his initial appearance. Connie advises me that the Verified Complaint of Forfeiture was filed this morning in District Court. Whatever the outcome of the criminal matter, we will proceed with the civil forfeiture. Will you accept service of the Complaint, or shall we serve your client directly?

          Sincerely,

          LEONARDO M. RAPADAS
          United States Attorney
          Districts of Guam and NMI

          KARON V. JOHNSON
          Assistant United States Attorney

DEFENDANT'S EXHIBIT F